**This order is SIGNED.**

**Dated: December 21, 2015** 

R. KIMBALL MOSIER
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 15-25411 |
|---|---|
| Kenneth Wayne Auld, | Chapter 7 |
| Debtor. | Judge R. Kimball Mosier |

MEMORANDUM DECISION

The matter before the Court is the Motion to Extend Deadline for Filing Complaints Concerning the Debtor's Discharge and Motion for Turnover Order Pursuant to § 521 and § 542 of the Bankruptcy Code (Motion) filed by Stephen W. Rupp, Trustee in the above-captioned bankruptcy case. The Trustee filed the Motion on September 28, 2015. Notice was properly served on the Debtor and his attorney, no objection to the Motion has been filed and no hearing was held on the Motion. After carefully considering the Trustee's Motion, and after conducting its own independent research of applicable law, the Court has determined that the Motion should be denied, and issues the following Memorandum Decision.

# I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). The Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E). Venue is appropriate under 28 U.S.C. § 1408 and § 1409.

# II. FACTS

The Debtor filed a voluntary Chapter 7 petition on June 10, 2015. At the meeting of creditors[1] held on July 28, 2015, the Debtor turned over various books and records to the Trustee, and the Trustee gave the Debtor a written directive.[2] The following day, the Trustee requested additional property and documents by email to the Debtor's attorney.[3] The Debtor's attorney provided some documents to the Trustee on August 26, 2015.

After reviewing those documents, the Trustee asserts that he made another request for books, records and documents. He states that this request was made by email dated July 29, 2015. The Trustee's statement that he made a request after August 26, 2015 by email dated July 29, 2015 appears to be an error. The Trustee did not attach a copy of this second email to the Motion.

---

[1] 11 U.S.C. § 341 provides that the United States Trustee shall commence and preside at a meeting of creditors, 11 U.S.C. § 343 requires debtors to attend this meeting.

[2] The directive is attached as Exhibit A to the Trustee's Motion. The directive instructed the Debtor to provide the following documents to the Trustee through his attorney: (1) state and federal tax returns for tax year 2015, to be provided by March 1, 2016; (2) books and records, specifically financial account statements from May 1, 2015 to July 28, 2015; (3) a divorce decree settlement agreement; (4) two AFCU mortgage loan documents and title; (5) an application for mortgage; and (6) estate's portion - 162/365ths. This last request appears to refer to the estate's portion of the tax refund, as the case was filed on June 10, which is the 161st day of the year.

[3] The email is attached as Exhibit B to the Trustee's Motion. The email requested turnover of $3,224, which was allegedly received on June 11, 2015. It further requested the estate's portion of an amount described as the "foster children receivable." It appears that the Trustee is requesting payments made to the Debtor for taking in foster children. The email also asked the Debtor to identify the source of a deposit for $1,000 made on June 24, 2015 and a deposit for $750, made on June 15, 2015. Finally, the email asked the Debtor why a recurring payment of $852.50 was not disclosed in answer to Question 3 on the Statement of Financial Affairs.

2

On September 28, 2015, the deadline for objecting to discharge, the Trustee filed the Motion, asking for an extension of the deadline to object to discharge, alleging that the Debtor has not responded to the Trustee's latest email, and alleging that the Debtor has not turned over property of the bankruptcy estate, nor produced all of the documents and information that the Trustee has requested.

Specifically, the Motion requests that the Court order the Debtor to turn over the following: (1) a contract receivable in the amount of $3,224.00 for the month of May, allegedly received the day after the bankruptcy petition was filed; (2) a fractional amount (10/30ths) of the contract receivable received by the Debtor in the month of July for contract services rendered in June; (3) copies of the Debtor's mortgage loan or credit applications given to obtain the present mortgage against the Debtor's property at Pinenut Circle; (4) copies, front and back, of two America First Credit Union loan documents and a copy of the title to a 2009 Harley-Davidson motorcycle; (5) copies of the Debtor's prepared and filed 2015 tax returns upon filing and the estate's portion of any and all 2015 refunds immediately upon receipt; (6) copies, front and back, of titles to a 2004 and/or 2002 GMC Yukon; (7) an explanation concerning the disposition of property awarded to the Debtor in his most recent divorce decree; and (8) information concerning any life insurance policy owned by the Debtor and required by paragraph twenty-four of the Debtor's divorce decree.

### III. DISCUSSION AND ANALYSIS

There is no question that a debtor is obligated to surrender to the trustee "all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate."[4] A trustee is also entitled to delivery of property of the estate,

---

[4] 11 U.S.C. § 521(a)(4).

unless such property is of inconsequential value or benefit to the estate.[5] There is also no question that a trustee is entitled to a judgment for the value of any property of the estate that a debtor may have converted to his own use. Here, the issue is simply whether the Trustee is entitled to an order directing turnover as he has requested at this time.

### A. The Motion lacks sufficient detail to support the requested relief.

The Debtor has not responded to the Trustee's Motion. Ordinarily, a party's failure to object to a motion after receiving sufficient notice should be deemed to be consent to the requested relief, and the Court may enter an order granting the requested relief. But courts are not obligated to grant a flawed motion, even if unopposed. Although the lack of opposition warrants granting a meritorious motion, courts are obligated to review motions for sufficiency.[6] The fact that a motion is unopposed does not cure a motion's deficiencies and does not relieve the movant from establishing the requisite cause. A court should not enter an order that may prove to be improvident because there was not a sufficient legal basis to support it.

Sufficiency is evaluated according to Rule 9013, which states that a request for an order is made by motion or application, and the "motion shall state with particularity the grounds therefor."[7] A motion should contain enough detail that "[t]he reader should not be left with any serious questions concerning either what is to be done or why doing it is appropriate."[8] "A proper motion will contain factual allegations concerning the various requirements necessary for

---

[5] 11 U.S.C. § 542(a).
[6] *See Nunez v. Nunez (In re Nunez)*, 196 B.R. 150 (B.A.P. 9th Cir. 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion."); *In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D. Ill. 1997 ("Critical review of uncontested motions, moreover, is consistent with a basic legal principle-that courts are not required to grant a request for relief simply because the request is unopposed.")
[7] Fed. R. Bankr. P. 9013.
[8] *In re Minton*, No. 05-18767, 2006 WL 533352, at *2 (Bankr. N.D. Ind. 2006).

4

the relief being sought."[9] If the motion fails to set forth a sufficient legal or factual basis for the requested relief, the order should not be entered.

The Motion sets forth an adequate legal basis for the Court to order some, but not all, of the relief requested. A Debtor is required by 11 U.S.C. § 521[10] to turn over property of the bankruptcy estate and documents relating thereto, but not all of the requested items fall into these categories. Specifically, requests for explanations and information are more suitably the subject of a Rule 2004 examination.

### B. The Motion fails to establish the Debtor's ability to comply with the requested order.

"To warrant an order to turn over property, the trustee [is] required to show not only that the property to be turned over [is] part of the debtor's estate, but that it [is] in the respondent's possession or under his control at the time the turnover order [is] entered."[11] Absent such a showing, a court should not enter an order that a debtor cannot comply with and will immediately put the debtor in contempt. The Supreme Court has stated that even in the extreme case where criminal conduct results in putting property beyond the reach of a turnover order, "no such acts, however reprehensible, warrant issuance of an order which creates a duty impossible of performance, so that punishment can follow."[12] Courts must be "mindful that the order should issue only as a responsible and final adjudication of possession and ability to deliver, not as a questionable experiment in coercion which will recoil to the discredit of the judicial process if

---

[9] *In re White*, 409 B.R. 491, 494 (Bankr. N.D. Ind. 2009).
[10] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.
[11] *In re Riding*, 44 B.R. 846, 853 (Bankr. D. Utah 1984) (citations omitted); *see also Hill v. Muniz* (*In re Muniz*), 320 B.R. 697, 699-700 (Bankr. D. Colo. 2005) ("For an order for turnover to be appropriate, it is necessary that a trustee demonstrate, not only that the debtor received or had possession of estate property, but also that the debtor was in possession of the property, or its value, at the time the turnover motion was filed.").
[12] *Maggio v. Zeitz,* 333 U.S. 56, 64 (1948).

5

time proves the adjudication to have been improvident and requires the courts to abandon its enforcement."[13]

Accordingly, before issuing a turnover order, this Court must be satisfied that the property the Trustee demands is property of the bankruptcy estate, and that the Debtor has possession, custody or control of the property sufficient to enable him to comply with the order. Similarly, the Court must be satisfied that the recorded information the Trustee has requested relates to property of the estate or the Debtor's financial affairs, and that the Debtor has possession, custody or control of the recorded information sufficient to enable him to comply with the order.

### C. The Motion is premature.

While §§ 542 and 521 of the Bankruptcy Code may ultimately be enforced by court order, invoking the court's powers should be the last, not the first, resort. The Bankruptcy Rules contain clear procedures the Trustee may use to obtain the recorded information he is requesting in his Motion. The Court may order the Debtor to be examined under Rule 2004. Rule 2004(c) also provides a means for the Trustee to compel the Debtor to produce recorded information by subpoena.[14] A court's powers should not be used as a substitute for these procedures, or as a vehicle to conduct discovery. Instead, a court's powers may be used to compel a party to comply with specific discovery requests, when necessary.

Premature appeals to judicial powers as a means to gather information that should be obtained through discovery and examination, dissipate judicial energies better conserved for those who have real need for official assistance. Premature motions, if granted, will very likely

---

[13] *Id.* at 67.
[14] *See* Fed. R. Bankr. P. 9016

6

result in orders that lack sufficient detail and clearly create the potential that a court will have to abandon enforcement of the order to the discredit of the judicial process. Court orders should be clear and leave no question of what is being ordered, and turnover orders, like all other court orders, should never be questionable experiments in coercion.

Because of the inconsistent timeline created by the Trustee's statement that he requested information after August 26, 2015 by email dated July 29, 2015, it is not clear that the Trustee has previously requested all of the information contained in the Motion. The Trustee has not conducted a Rule 2004 examination of the Debtor or attempted any formal discovery. The Trustee's requests for judicial intervention to obtain discovery is premature.

**D. Consideration of specific requests**

The Motion contains eight separate requests. The first two requests are for "[t]urnover of $3,224.00 of a contract receivable received the day after the filing of the bankruptcy petition for the month of May" and "10/30ths of the contract receivable received by the debtor in the month of July for contract services rendered in June." The body of the Motion provides no detail about the "contract receivable," leaving the Court to surmise that these two paragraphs reference the same "contract receivable." An e-mail attached to the Motion as Exhibit B[15] references a contract and a "foster children receivable." The Trustee is apparently aware that the payments on the "contract receivable" are for the care of foster children, but has not determined whether the payments are from a governmental agency and subject to restrictions, or whether the payments are in fact property of the estate or are held in trust for the foster children. The Trustee has not determined whether the Debtor's non-filing spouse has an interest in the "contract receivable."

---

[15] There is no incorporation by reference.

The Trustee has failed to specifically identify the contract, has failed to identify the parties to the contract, and has failed to identify or describe the terms of the contract.

The Trustee asserts the estate is entitled to "10/30ths of the contract receivable received by the Debtor in the month of July for contract services rendered in June." The Trustee states no grounds for this claim and does not request a sum certain. Instead, the Trustee has requested that the Court order the Debtor to make a mathematical computation based on an unidentified amount. By failing to state the basis for his claim that the estate is entitled to 10/30ths for services rendered in June, and failing to specify the amount of money to be turned over, the Motion fails to satisfy the requirement that the grounds for relief must be stated with particularity.[16]

Additionally, the Trustee has not shown that the Debtor is in possession, custody or control of any of these funds, and that he would be able to comply with an order to turn them over. If the money has been dissipated, for whatever reason, it is inappropriate for this Court to enter a turnover order. If the Debtor "no longer possesses the property or its proceeds, delivery of the property is an impossibility. A turnover order, which if disobeyed is enforceable by way of contempt, is thus inappropriate"[17] at this time.

The third request in the Motion is for "[c]opies of the debtor's mortgage loan or credit applications given to obtain the present mortgage against the debtor's property at Pinenut Circle." The Motion does not identify the documents with particularity. The Motion fails to state the date, or approximate date, which would not only identify the documents with specificity, but would also establish relevance. Mortgage loan or credit applications that are several years old would be of questionable relevance. Stating the identity of the institution that processed the

---

[16] Fed. R. Bankr. P. 9013.
[17] *In re Pilate*, 487 B.R. 345, 348 (Bankr. D. D.C.. 2013) (citing *Maggio*, supra n. 8).

8

applications would also assist in identifying the requested documents. Even if the documents were clearly identified, the Motion does not establish that these documents are in the Debtor's possession. The Trustee may be of the opinion that the Debtor should have these documents, but that is a different issue than whether the Debtor actually has these documents.

The fourth request in the Motion is for "[c]opies, front and back, of two AFCU loan documents and copy of the title to a 2009 Harley-Davidson motorcycle."The loan documents in this paragraph are not described with enough specificity to allow the Court to order the Debtor's compliance. It is not clear whether the Trustee is seeking loan documents for two separate loans or two loan documents for a single loan. The request also fails to reference any date to establish relevancy. The request also fails to adequately describe the loan documents the Debtor must produce. There is a clear potential that the Court would have to abandon enforcement of its order if this vague request for turnover were granted. The Trustee has also failed to establish that the Debtor has possession of the loan documents or the motorcycle title. It fact, because a creditor has been listed as a secured creditor, it is likely that the motorcycle title is in a creditor's possession.

The fifth request in the Motion is for "[c]opies of the debtor's prepared and filed 2015 tax returns upon filing and turnover of the estate's portion of any and all 2015 refunds immediately upon receipt." The Court declines to issue a turnover order for paperwork and property that does not yet exist.

The sixth request in the Motion is for "[c]opies, front and back, of titles to a 2004 and/or 2002 GMC Yukon." The Debtor's Schedule B lists a 2002 GMC Yukon with 151,425 miles on it. The Debtor claimed the property as exempt, and the Trustee did not object to the exemption. The vehicle is no longer an asset of the estate. There is no representation in the Motion that this

9

document has ever been requested by the Trustee. The Court declines to issue an order that the Debtor turn over a document that does not relate to property of the estate and has not previously been requested by the Trustee.

The seventh request in the Motion is for an "[e]xplanation concerning the disposition of property awarded to the debtor in his most recent divorce decree." Not only is there no representation that the Trustee has previously made this unworkably vague request, there is no legal basis for this Court to enter an order directing a debtor to provide "explanations." Although an "explanation" may be obtained through discovery, an "explanation" is neither property nor recorded information that is subject to turnover. The Trustee should avail himself of the procedural methods for conducting discovery to obtain explanations.

The eighth and final request in the Motion is for "[i]nformation concerning any life insurance policy owned by the debtor and required by paragraph 24 of the debtor's divorce decree." This request suffers from the same infirmity as the prior request. "Information" may be obtained by discovery, but "information" is not property or recorded information that is subject to turnover. Again, there is no representation in the Motion that this information has ever been requested by the Trustee. The Court declines to issue a turnover order when the Trustee has not even made a prior request. The Court also notes that on Schedule B, line 9 of the Debtor's schedules, which were signed under penalty of perjury, he indicated that he had no insurance policy.

**E. The Trustee has failed to show cause to extend the time to file objections to discharge.**

The Trustee had sixty days after the first meeting of creditors to conduct his investigation. The Debtor responded to the Trustee's email dated July 29, 2015. There is no assertion in the Motion that the Debtor has been uncooperative with the Trustee. Other than his

10

statement that he needs more time, the Trustee has not stated any cause to extend the deadline for filing objections to discharge.[18]

### IV. CONCLUSION

To obtain an order to turn over property or recorded information, the Trustee is required to show not only that the property to be turned over is property of the bankruptcy estate and the recorded information relates to property of the estate, but also that the property and recorded information are in the Debtor's possession or under his control at the time the turnover motion was filed. The request must also describe with particularity the property or documents to be turned over. Because the Trustee has not availed himself of the procedural methods of discovery, nor been specific in his requests in this Motion, his request for judicial intervention is premature. For the foregoing reasons, the Trustee's motion for an order directing turnover will be denied.

The Trustee has also failed to clearly identify a lack of cooperation by the Debtor or refusal to respond to any formal discovery request, and so the Trustee has failed to plead sufficient cause to extend the deadline for objecting to the Debtor's discharge. Therefore, the Court will deny the Trustee's motion to extend the deadline for filing complaints concerning the debtor's discharge.

---

[18] *See* Fed. R. Bankr. P. 4004(b)(1).

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Memorandum Decision shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

    Robert S. Payne    robertspaynelaw@gmail.com, Robert_s_payne@yahoo.com

    Stephen W. Rupp    rupptrustee@mbt-law.com

    Stephen W. Rupp tr    rupptrustee@mbt-law.com, UT03@ecfcbis.com

    United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

    Kenneth Wayne Auld
    8961 South Pinenut Circle
    West Jordan, UT 84088